# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRCT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jacquelyn Y. Lance, as Personal Representative for the Estate of Melvin Wardlaw,<br><br>    Plaintiff,<br><br>-vs-<br><br>United States of America,<br><br>    Defendant. | Civil Action No.: 2:17-cv-963-PMD |

## COMPLAINT FOR PERSONAL INJURY
## UNDER THE FEDERAL TORT CLAIMS ACT

The Plaintiff, brings this Complaint against the above named Defendant, and would respectfully show unto this Honorable Court as follows:

### NATURE OF THE CASE

1. This is a medical malpractice action claiming damages suffered by the Plaintiff as a direct and proximate result of the Defendant's failure to properly diagnose and treat the Decedent's condition prior to discharge.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1) because the Plaintiff seeks to recover money damages for personal injury caused by the wrongful acts and omissions of employees of the government while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. A

private person under the law of South Carolina would be liable for negligently providing medical treatment to Plaintiff and that proximately caused his injuries under the circumstances alleged in this Complaint.

3. Plaintiff timely filed a Standard Form 95 on July 30, 2015, pursuant to the requirements of the Federal Tort Claims Act. On October 24, 2016, the Department of Veterans Affairs denied the claim, thereby establishing jurisdiction in this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675. This Complaint is filed within six months of the Department of Veterans Affairs denial of the Standard From 95.

4. The acts and omissions complained of herein by the Defendant occurred within the County of Charleston, State of South Carolina, thus rendering jurisdiction and venue proper within this Court pursuant to 28 U.S.C. § 1402(b). Furthermore, attached to the Complaint is the Affidavit of Barry L. Singer, M.D., a physician licensed to practice in the State of Pennsylvania. This affidavit is attached pursuant to S.C. Code Ann. §15-36-100.

## PARTIES

5. The Plaintiff, Jacquelyn Y. Lance, is the duly appointed Personal Representative of the Estate of Melvin Wardlaw, having been so appointed on October 16, 2014, by the Georgetown County Probate Court, Case No. 2014-ES-220-0464. This suit is filed on behalf of the heirs of Melvin Wardlaw ("Decedent").

6. The Decedent was treated at the Ralph H. Johnson VAMC ("Johnson VAMC"), which is a federally owned hospital located at 109 Bee Street, Charleston, SC 29401 in Charleston County. The Ralph H. Johnson VAMC is owned and operated by the United States Department of Veterans Affairs. At all times mentioned herein, this Defendant was acting by and

through its agents, servants, and/or employees, and had a doctor/patient relationship with the Decedent.

## **STATEMENT OF FACTS**

7. In September 2011, the Decedent, Melvin Wardlaw, was admitted to the Johnson VAMC where he underwent a series of medical examinations.

8. During those examinations, members of the Johnson VAMC's medical personnel obtained a chest x-ray, which revealed a nodule in Mr. Wardlaw's left lung. A subsequent CT scan of his chest revealed a 1.6 x 1.1 x 1.3 left plural based nodule. There is a note that indicates Mr. Wardlaw was supposed to be further evaluated as an outpatient.

9. Unfortunately, no outpatient evaluation was ever completed. Additionally, Mr. Wardlaw never received the required needle biopsy necessary for diagnosis and neither Mr. Wardlaw nor his family members were apprised of the nodule.

10. Not long after Mr. Wardlaw's discharge, he was admitted again on October 4, 2011, to the Johnson VAMC. This time, his admission was the result of low electrolyte levels, which are known to occur in relation to lung cancer. In fact, there is note indicating that Mr. Wardlaw's physicians were concerned that his hyponatremia (low sodium levels) may develop into a more serious condition. They stated that such an advance is "certainly plausible in the setting of a lung nodule (small cell cancer)." Nevertheless, Mr. Wardlaw was once again discharged without receiving treatment or diagnostics work on his nodule.

11. In January 2012, Mr. Wardlaw was again admitted to the Johnson VAMC for electrolyte disturbances. Once again, no further workup of his nodule was completed. It was not until August 2014, almost three years after the discovery of his nodule, at Carolinas Hospital System, that a proper workup of the nodule was completed which resulted in a positive diagnosis

of lung cancer. Sadly, at that point, his lung cancer had progressed so significantly that no further treatment could have been afforded to him.

12. Mr. Wardlaw passed away less than a month later on September 21, 2014.

## FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (Negligence/Medical Malpractice - Survival)

13. The Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

14. The above set forth incidents and the Decedent's resulting injuries and damages were proximately caused by the negligence, grossly negligent, reckless, willful, and wanton acts of the Defendant, by and through its agents, servants, and/or employees in one, more, or all of the following particulars:

   a) in failing to provide the appropriate, reasonable and necessary medical care to the Decedent;

   b) in failing to properly care for the Decedent, when the Defendant and/or its personnel, agents, and/or employees knew or should have known that the Decedent was in need of additional medical assistance and/or treatment;

   c) in failing to have the appropriate medical examination performed to determine the Decedent's medical needs so as to provide the appropriate medical care and treatment;

   d) if such examinations were performed, in failing to require a follow up examination of the Decedent;

   e) in failing to sufficiently monitor the Decedent so as to determine the severity of his condition;

    f) in failing to properly diagnose the cause of the Decedent's swallowing difficulties prior to discharge;

    g) in failing to giver proper discharge instructions upon release from the Hospital, to include direction for further evaluation by a specialist;

    h) in discharging the Decedent from the VA without further treatment;

    i) in failing to properly diagnose, treat, and give proper discharge instructions;

    j) in failing to provide and/or administer the appropriate examination;

    k) in failing to properly evaluate and/or assess the Decedent's condition;

    l) in failing to sufficiently monitor the Decedent so as to determine the severity of his condition; and

    m) in other particulars that will be developed in discovery.

15.    WHEREFORE, the Plaintiff prays judgment against the Defendants for ACTUAL and CONSEQUENTIAL, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
**(Wrongful Death)**

16.    Plaintiffs incorporate by reference each and every paragraph of the Complaint as if fully set forth herein.

17.    This action is brought for the wrongful death of Melvin Wardlaw, pursuant to § 15-51-10 et. seq., of the Code of Laws of South Carolina (1976, as amended), on behalf of the heir(s) of Mr. Wardlaw.

18.    As a direct and proximate cause of the grossly negligent and reckless acts, omissions, willful and wanton conduct of the Defendants as described above, the Decedent's heirs have been damaged and have suffered as follows:

   a) mental shock and suffering;

   b) wounded feelings;

   c) grief and sorrow;

   d) loss of a father or relative;

   e) deprivation of the use and comfort of the Decedent's society, experience, knowledge, and judgment.

19. As a direct and proximate result of the aforementioned acts and/or omissions on behalf of Defendant, the Decedent unjustifiably suffered and died, and further the Plaintiff has suffered ACTUAL and CONSEQUENTIAL DAMAGES.

**WHEREFORE**, the Plaintiff, in her fiduciary capacity as personal representative of the Estate of Melvin Wardlaw prays judgment against the Defendant for ACTUAL and CONSEQUENTIAL DAMAGES, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

Respectfully Submitted,

s/ J. Edward Bell, III
J. Edward Bell, III     (Federal ID: 1280)
Deloris K. Cromartie  (Federal ID: 11120)
Bell Legal Group, LLC
219 North Ridge Street
Post Office Box 2590 (29442)
Georgetown, South Carolina 29440
TEL:  (843) 546-2408
FAX:  (843) 546-9604

ATTORNEYS FOR THE PLAINTIFF

April 13, 2017
Georgetown, South Carolina

6